# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 13-0571** (Gilmer County 12-F-14)

**Charles Dale Emerson,**
**Defendant Below, Petitioner**

**FILED**

**April 25, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Charles Dale Emerson, by counsel Kevin Duffy, appeals his convictions and sentences for sexual assault in the first degree and sexual abuse in the first degree. His sentencing order was entered by the Circuit Court of Gilmer County on April 24, 2013. Respondent State of West Virginia, by counsel Christopher S. Dodrill, responds in support of the circuit court's actions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### I. Facts and Procedural Background

Petitioner was indicted for two counts of first degree sexual abuse in violation of West Virginia Code § 61-8B-7(a)(3), and two counts of first degree sexual assault in violation of West Virginia Code § 61-8B-3(a)(2). The victim was his great-nephew, J.S., who was four years old at the time of the alleged crimes and was six years old at the time of trial.

J.S. testified at trial that petitioner touched J.S.'s penis on one occasion and digitally penetrated J.S.'s anus on more than two occasions. Social worker Maureen Runyon, who was qualified by the trial court as an expert in the area of whether children exhibit characteristics of being abused, testified about an interview she conducted of J.S. Ms. Runyon testified that J.S. described and demonstrated the sexual acts on a doll; identified petitioner as the perpetrator who committed those acts; and that J.S.'s statements to her were consistent with one another. The State also presented evidence of petitioner's pre-trial statement given to the state police. In the statement, petitioner denied J.S.'s allegations. However, during the interview the state trooper asked petitioner, "[d]o you have a sex problem?" Petitioner answered, "I've never been diagnosed. Maybe I do. I am not active." Petitioner did not testify at trial or present any evidence in his defense.

1

At the close of the State's case, the trial court granted a motion for judgment of acquittal on one count of first degree sexual abuse because J.S. had testified that petitioner only touched his penis on one occasion, not on more than one occasion as alleged in the indictment. The jury found petitioner guilty of one count of first degree sexual abuse for touching J.S.'s penis and one count of first degree sexual assault for digital penetration. The jury acquitted him of one count of first degree sexual assault.

Petitioner's post-trial motion for judgment of acquittal or a new trial was denied. He was sentenced to the statutory terms of five to twenty-five years in prison for the sexual abuse, and twenty-five to 100 years in prison for the sexual assault, said sentences to run consecutively. He was also ordered to register as a sex offender.

This is petitioner's direct appeal of the convictions and sentences. In considering this appeal, we are mindful of our prior decisions holding that a trial court's denial of a motion for new trial is entitled to great respect and weight, and will not be reversed on appeal unless it is clear that the court acted under some misapprehension of the law or the evidence. Syl. Pt. 4, *Sanders v. Georgia–Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976); Syl. Pt. 1, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011).

## II. Discussion

### A. Sufficiency of the Evidence

In his first and second assignments of error, petitioner asserts that the trial court erred when it denied his motions for judgment of acquittal at the close of the State's case and after the defense rested. "A motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed.1993)). As such, we note that

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Furthermore,

> [w]hen a criminal defendant undertakes a sufficiency challenge, all the evidence, direct and circumstantial, must be viewed from the prosecutor's coign of

2

vantage, and the viewer must accept all reasonable inferences from it that are consistent with the verdict. This rule requires the trial court judge to resolve all evidentiary conflicts and credibility questions in the prosecution's favor; moreover, as among competing inferences of which two or more are plausible, the judge must choose the inference that best fits the prosecution's theory of guilt.

Syl. Pt. 2, *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996).

Petitioner argues that the evidence was insufficient to convict him of sexual assault in the first degree. "A person is guilty of sexual assault in the first degree when . . . [t]he person, being fourteen years old or more, engages in . . . sexual intrusion with another person who is younger than twelve years old and is not married to that person." W.Va. Code §61-8B-3(a)(2). "'Sexual intrusion' means any act between persons involving penetration, however slight, . . . of the anus of any person by an object for the purpose of degrading or humiliating the person so penetrated or for gratifying the sexual desire of either party." W.Va. Code § 61-8B-1(8).

He also argues that the evidence was insufficient to convict him of sexual abuse in the first degree. "A person is guilty of sexual abuse in the first degree when . . . [s]uch person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old." W.Va. Code § 61-8B-7(a)(3). "'Sexual contact' means any intentional touching, either directly or through clothing, of . . . any part of the sex organs of another person . . . where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party" W.Va. Code § 61-8B-1(6).

Upon our review, we conclude that the circuit court did not err in denying petitioner's motions because the evidence was sufficient to support his conviction. J.S.'s testimony that petitioner digitally penetrated J.S.'s anus, was sufficient to prove first degree sexual assault. J.S.'s testimony that petitioner touched J.S.'s penis, was sufficient to prove first degree sexual abuse. J.S.'s testimony was corroborated by the consistent statements he gave to Ms. Runyon during her interview.

Petitioner asks this Court to find that J.S.'s trial testimony should have been excluded as not "credible." He asserts that "J.S. was, based upon his age, incapable of offering credible testimony[.]" He also argues that J.S.'s testimony was coached and/or the product of questioning by multiple people. We find no merits to these arguments.

First, to the extent that petitioner is arguing that J.S. was not competent to testify based upon his age, the record on appeal does not reflect that petitioner ever raised this objection with the circuit court. As we have explained in numerous cases, parties must raise their objections or risk waiver. *See e.g., LaRock*, 196 W.Va. at 316, 470 S.E.2d at 635; *State v. Proctor*, 227 W.Va. 352, 359-60, 709 S.E.2d 549, 556-57 (2011).

Next, petitioner argues that J.S.'s testimony was not what a child of four or six years old would testify to, unless the child had been coached. To support this argument, he points to the following testimony when the prosecutor was questioning J.S. at trial:

Q. And where would he touch you? What part of your body?
A. My winky and my butt.
Q. Okay. What did he do with his finger in your butt?
A. Put it in my butt.

We fail to see how this indicates coaching. J.S. used a child's terminology to describe his body, and he simply told what happened to him. Instead of being evidence of coaching, this could instead be evidence that J.S. was a victim of the conduct he described. In light of their findings of guilt on two counts of the indictment, the jury obviously found this to be evidence that J.S. had suffered sexual assault and sexual abuse. Importantly, "[c]redibility determinations are for a jury and not an appellate court." *Guthrie*, 194 W.Va. at 663, 461 S.E.2d at 169, Syl. Pt. 3. Petitioner was free to challenge J.S.'s credibility at trial based on the assertions that the child had been coached and his testimony rehearsed.

When making his motion for judgment of acquittal, petitioner argued that J.S. changed the word he used to identify his penis, calling it a "weiner" when interviewed by Ms. Runyon and calling it a "winkie" at trial two years later. However, Ms. Runyon indicated that such changes in terminology are not uncommon for children. Petitioner does not explain how this change in terminology could be indicative of coaching.

## B. Witness Statement

In his third assignment of error, petitioner argues that the circuit court should have granted his motion for a new trial because the prosecutor did not produce, before trial, a statement given by one of its witnesses. Petitioner is referring to a written statement that J.S.'s grandmother gave to a child protective services worker. Petitioner indicates that he was unaware of this statement until trial. At trial, the prosecutor used the statement to refresh the grandmother's recollection. The statement was provided to the defense after the grandmother testified on direct, but before she was cross-examined by defense counsel.

Petitioner acknowledges that the statement was produced to the defense in accordance with the procedure established in Rule 26.2 of the West Virginia Rules of Criminal Procedure. However, even though this procedure was followed, petitioner asserts that the statement should have been produced earlier so that his lawyer could have conducted an appropriate investigation. In the statement, the grandmother expressed her opinion that J.S. may have also been molested by someone in addition to petitioner.

We find no error. The statement was produced in accordance with the Rules of Criminal Procedure. Petitioner does not argue that the State violated any pre-trial discovery request or order, and does not specify what investigation counsel would have performed had he known of the statement sooner. Moreover, although a prosecutor is required to produce exculpatory or impeachment evidence to a criminal defendant, the statement at issue herein was not exculpatory

4

or impeachment evidence.[1] The grandmother's statement does not suggest that petitioner was innocent of the charges. Rather, she was concerned that someone else had also harmed the child. Furthermore, petitioner's counsel was able to use this portion of the statement to cross-examine the grandmother at trial.

## C. Sentence

In his fourth and final assignment of error, petitioner argues that his sentence is constitutionally disproportionate. The circuit court imposed the statutory sentences for each crime, to run consecutively, for a total effective sentence of thirty to 125 years in prison. Petitioner maintains his innocence, but argues that even if he had committed these crimes, this sentence means that he will probably spend the rest of his life in prison. He was fifty-three years old at the time of sentencing. He argues that this sentence is disproportionate because a younger person facing the same sentence for the same crimes might not spend the rest of his/her life in prison.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *Sulick*, 232 W.Va. 717, 753 S.E.2d 875 (2012). We have also held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 8, *State v. Sulick*, 232 W.Va. 717, 753 S.E.2d 875 (2012).

The court imposed the terms of incarceration specified by each of the statutes that petitioner violated when committing these crimes against a victim younger than twelve years old. *See* W.Va. Code §§ 61-8B-3(c), -7(c). Petitioner does not allege that his sentence was based upon any impermissible factor, and we find no evidence that any impermissible factor was relied upon. Petitioner's argument that older defendants should receive lighter sentences than younger defendants who commit the same crimes, is completely meritless.

For the foregoing reasons, we affirm.

Affirmed.

---

[1]The State's obligation to disclose exculpatory and impeachment evidence is addressed in several cases. *See, e.g.*, *Brady v. Maryland*, 373 U.S. 83 (1963), and *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d119 (2007).

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6